QUINN EMANUEL URQUHART & SULLIVAN, LLP
Steven G. Madison (Bar No. 101006)
stevemadison@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

John M. Potter (Bar No. 165842)
johnpotter@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Ayman Shahid

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>AYMAN SHAHID,<br><br>Defendant. | CASE NO. 14-CR-271-YGR<br><br>**DEFENDANT AYMAN SHAHID'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM**<br><br>Date: March 16, 2017<br>Time: 3:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1, Fourth Floor |

Defendant Ayman Shahid respectfully submits this memorandum in response to the government's February 26, 2017 Motion for a Downward Departure and Sentencing Memorandum.

The government's sentencing memorandum is significant mostly for what it concedes. First, the government concedes that the loss in this case is "grossly overstated." (Memo. at 10.) The government notes that this number (1) does not isolate Mr. Shahid's culpability on a loan-by-loan basis; (2) was the product of multiple sources in addition to Mr. Shahid's conduct; (3) does not reflect the economic reality of the loss, as the banks (the alleged victims) actually generated revenue; and (4) the "rounded up" $3 million restitution figure already agreed to be paid by Discovery Sales stands as the only calculated number reflecting actual loss. Mr. Shahid agrees with these observations. The parties previously agreed to a four-level downward departure in the sentencing guidelines due to the recognized over-statement of loss. Mr. Shahid urges the Court to consider these factors when determining whether a further departure is appropriate under the extraordinary circumstances of this case. *See U.S. v. Booker*, 543 U.S. 220, 245 (2005) (The Sentencing Reform Act "requires a sentencing court to consider Guidelines ranges [ ] but it permits the court to tailor the sentence in light of other statutory concerns as well.") (internal citation omitted).

Second, the government acknowledges that Mr. Shahid provided substantial cooperation, with his guilty plea making the "Discovery guilty plea possible." (Memo. at 11.) Mr. Shahid's cooperation cannot be overstated. In addition to providing the information that "resulted directly" (*id.*) in the prosecution and plea of Discovery Sales, Mr. Shahid provided truthful and credible information against Albert Seeno, III and Jeanne Pavao, two individuals that were integrally involved in the conduct at issue. Mr. Shahid disagrees with the government's opinion that there was no documentary evidence that directly implicated these individuals. (*Id.*) Nevertheless, that the government has declined to take action should not detract from the value of the cooperation provided. Mr. Shahid likewise disagrees that he has faced no "meaningful risks" as a result of his cooperation. (*Id.* at 12.) The death threat that Mr. Shahid received from Albert Seeno, III was no

joke, and he and his family have lived in fear as a result of it. The threat was far more than simply "inappropriate" or "potentially retaliatory." (*Id.*)

Additionally, Mr. Shahid disagrees with the government's opinion that he has not demonstrated exemplary post-plea conduct. Far from perpetrating "some fraud," Mr. Shahid acquired the internet domain names so that he could tell his side of this story some day. He never used the domains in any way, and relinquished all rights to them immediately upon learning that the government was troubled by them (over a year after acquiring them). It is undisputed that Mr. Shahid never used the domain names in any way, and the government's speculation that he might have intended to misuse them in some way should be given no weight by the Court. As for the Shahids' former employer Paul Field, Mr. Shahid and his wife are in hotly contested civil litigation with Mr. Field, regarding claims and counter-claims arising from their employment. Unfortunately Mr. Field has authored a letter herein lashing out at Mr. Shahid. Mr. Field has no knowledge of the facts underlying the instant case, and the dispute between him and the Shahids will be resolved in their civil litigation. On balance, Mr. Shahid appreciates the government's request for a seven-level downward departure to reflect his substantial cooperation. However, Mr. Shahid requests that the Court consider these additional facts when determining whether a further downward departure is warranted here under 5K1.1 or 5K2, as addressed in Defendant's sentencing memorandum.

Third, the government's memorandum reflects that the recommended sentence for Mr. Shahid is a full six times greater than any other sentence the longest jail sentence imposed in a case involving the Discovery builder bailout fraud. (*See id.* at 3-5.) Indeed, based on the unique circumstances here only one individual connected to the case has received a custodial sentence at all. Unlike Mr. Shahid, that employee (Jason Sterlino) accepted kickbacks totaling approximately $100,000. As a result, of his participation in the fraudulent conduct and the receipt of substantial kickbacks, Mr. Sterlino was sentenced by Judge White to six months imprisonment.

The remaining seven individuals who have been sentenced in connection with this case have received probationary sentences with varying conditions, e.g., home confinement and community service. Despite the government's conclusory assertion that "Shahid led the effort to

provide incentives and to keep the mortgage lenders from learning of the incentives" (*id*. at 3.), Mr. Shahid has been consistent and clear that at all times he worked at the direction of the owner and beneficiary of the builder bailout fraud, Albert Seeno, III. Anyone familiar with Mr. Seeno knows that to be true, given his controlling management style and the fact that he is the owner of Discovery Sales and thus was the one who benefitted from the fraud.

Mr. Shahid deeply regrets the actions he took in connection with the Discovery builder bailout scheme. For the aforementioned reasons, and for all the reasons set forth in his February 24, 2017 memorandum, Mr. Shahid respectfully requests that this Court adopt a substantial downward departure, over and above that recommended by the government.

DATED: March 13, 2017

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By

Steven G. Madison
Attorneys for Defendant Ayman Shahid